IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAJEWELL TURNER OWENS, § | |
| Plaintiff, § | |
| § | 3:10-CV-1770-N-BF |
| v. § | |
| § | |
| ROBERT E. PRICE, Judge, Probate § | |
| Court No. 2, ET AL., § | |
| Defendants. § | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**PARTIES**

Plaintiff is *pro se* and the Court has granted her permission to proceed *in forma pauperis*. The Defendant are: (1) Robert E. Price, Judge in Probate Court No. 2, Dallas County, Texas; (2) attorney Paul L. Bailey; and (3) attorney Melinda Jean Hartnett. Process has not issued pending preliminary screening.

**BACKGROUND**

Plaintiff filed this complaint stating Defendants violated her due process rights regarding the probate of her mother's property. She states that Defendant Judge Price refused to hear her evidence prior to his retirement. She claims Defendant Bailey added parties to the probate action without her consent, and that although Defendant Hartnett was appointed as guardian ad litem in the probate action, she did not want Hartnett to represent her interests. Plaintiff asks the Court to

settle her portion of the probate estate.

**SCREENING**

A district court may summarily dismiss a complaint filed in forma pauperis if it concludes, inter alia, that the action is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Williams*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is grounded upon a discredited or untenable legal theory. *Neitzke*, 490 U.S. at 325. A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); see also *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**DISCUSSION**

Plaintiff states Defendants violated her due process rights. To the extent Plaintiff is attempting to assert a civil rights claim under 42 U.S.C. § 1983, her claim is without merit. Under § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

In this case, Plaintiff has failed to allege or show that Defendants Bailey and/or Hartnett acted under color of state law. Attorneys do not act under color of state law when they perform a lawyer's traditional function as counsel. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Her § 1983 claims against these Defendants should be dismissed.

Plaintiff's claim against Judge Price are additionally barred by immunity. The United States Supreme Court has recognized absolute judicial immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982). Plaintiff's § 1983 claims against Defendant Judge Price should therefore be dismissed.

**RECOMMENDATION**

The Court recommends that Plaintiff's § 1983 claims be dismissed with prejudice.

Signed this 25th day of October, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).